CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 2 2 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY JOSEPH TURNER, ) | |
| WILLIAM BEMBO, ) | |
| Plaintiff, ) | Civil Action No. 7:05-cv-00762 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| R. D. BARLOW, et. al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Plaintiffs Anthony Turner and William Bembo, Virginia inmates proceeding pro se, bring this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In the complaint, Turner and Bembo allege that officers at Marion Correctional Treatment Center (MCTC) are interfering with their ability to file complaints about "physical assault/mental rape issues." Plaintiffs seek monetary damages for these alleged violations. Plaintiffs also seek to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(b). Upon review of court records, the court finds that Turner is not entitled to proceed with this civil action, absent prepayment of the filing fee, and that the action must, therefore, be dismissed without prejudice, pursuant to § 1915(g), as to all Turner's claims. The action will go forward only as to Bembo's claims.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that Turner has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. Turner v. Carbone, Civil Action No. 7:03-cv-

1

00757 (W.D. Va. 2003)(dismissed under §1915A); Turner v. Saatoff, Civil Action No. 7:99cv00720 (W.D. Va. October 28, 1999)(dismissed under §1915(e)(2)); Turner v. Poe, Civil Action 7:97cv00765 (W.D. Va. December 15, 1997)(dismissed under §1915(e)(2)). The court thus finds that plaintiff has at least three "strikes" within the meaning of §1915(g). Therefore, Turner cannot file this civil action or any other civil action without prepayment of the $250.00 fee[1] unless he demonstrates that he is "under imminent danger of serious physical injury." §1915(g).

Clearly, the complaint does not allege any facts indicating that Turner is in imminent danger of physical harm related to his claims. All of his claims relate to prison officials' handling of written complaints. Turner does not mention any physical danger connected to these alleged problems. Accordingly, the court cannot find that Turner has satisfied the requirements to proceed under §1915(g) without prepayment of the filing fee. As plaintiff has three "strikes" and has failed to demonstrate any imminent danger of serious physical harm within the meaning of §1915(g), the court must deny Turner's request to proceed in forma pauperis in this action and dismiss his case without prejudice, pursuant to §1915(g). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiffs and to counsel of record for the defendants.

ENTER: This 22nd day of December, 2005.

/s/ James C. Turk
Senior United States District Judge

---

[1] This fee is set by statute. See 28 U.S.C. § 1914(a).